STATE, JOHN S. FINE, PROSECUTOR, v. THE HIGH BRIDGE METHODIST EPISCOPAL CHURCH ASSOCIATION.

1. If a note payable to order be not endorsed by the transferrer, the holder cannot sue in his own name, for, although the holder may possess the entire beneficial interest, the legal title is still outstanding in the transferrer, and his name should be used to maintain the suit.

2. If no endorsement be on a note payable to order, and it does not appear on face of note that the payee is agent of plaintiffs, the suit cannot be maintained in their name.

3. Where objection is made in the court for the trial of small causes, and no motion made to amend there, amendment cannot subsequently be made.

On *certiorari* to Hunterdon Common Pleas.

Argued at November Term, 1881, before Justices DEPUE, VAN SYCKEL and PARKER.

For the prosecutor, *R. S. Kuhl.*

For the defendants, *J. T. Bird.*

The opinion of the court was delivered by

PARKER, J.   An action was brought in the court for the trial of small causes by the High Bridge M. E. Church Association against John S. Fine, to recover upon a promissory note, of which the following is a copy, viz.:

"$81.00.     HIGH BRIDGE, N. J., August 15th, 1876.

"Eight days after date, we, or either of us, promise to pay to the order of Thomas Day, treasurer of M. E. Church camp meeting here, eighty-one dollars, without defalcation or discount, for value received.

"JOHN S. FINE."

There is no endorsement on the note.

At the trial before the justice the plaintiffs proved the signature of the maker, offered the note in evidence, and rested. The defendant then moved to non-suit,. because Day had not endorsed the note to the plaintiffs, and also because the evidence showed a variance between the state of demand and contract, the note having been given to the treasurer of the M. E. Church camp meeting, and the suit brought by " The High Bridge M. E. Church Association."

The motion to non-suit was denied by the justice.

There was no application nor offer to amend before the justice.

Judgment was given for plaintiffs for the amount of note and interest.

The above-stated proceedings in the court for the trial of small causes are not shown by the state of the case, but appear by the transcript of the docket of the justice, which is among the papers sent up with the writ, and which the court must notice.

An appeal was taken to the Court of Common Pleas. In that court, when the plaintiffs rested, a motion to non-suit was made and refused, and the judgment below was affirmed.

Upon the argument before this court, it was suggested that if there be doubt whether the plaintiffs can maintain their action under the pleadings and proof below, there is power now to amend the proceedings by inserting in the summons and state of demand the words, " Thomas Day, to the use of," before the words, " The High Bridge Methodist Episcopal Church."

The amendment proposed cannot now be made.

The provisions of the one hundred and thirty-eighth section of the act entitled " An act to regulate the practice of the courts of law," have been extended to the courts for the trial of small causes and to Courts of Common Pleas on appeal taken thereto, but with the express restriction that if objection be made in the court for the trial of small causes, on the return day or at the trial, to any process or pleading in respect to any matter which might be amended by the justice under

the provisions of said section, and no such amendment be made before the conclusion of the trial, it shall not be in the power of the Court of Common Pleas, on the trial of the appeal, to amend in respect to such matters to which the objection related. *Rev., p.* 559, § 113.

In this case, the objection having been raised by the defendant before the justice, and no amendment there made by the plaintiffs, the Court of Common Pleas could not amend had a motion to that effect been made. This court has not the power to make the amendment now suggested. Not having embraced the privilege given by the statute, when objection was made before the justice, the plaintiffs lost their right to amend in all future stages of the cause.

The application to amend being denied, the question is presented whether the plaintiffs can maintain the action against the maker of the note, on which there is no endorsement by the payee, and where, on the face of the note, the payee is not named as treasurer or agent of the plaintiffs.

If a note be not payable to bearer nor endorsed by transferrer, the holder cannot sue in his own name, for, although he may possess the entire beneficial interest, the legal title is still outstanding in his transferrer, and his name must be used in order to maintain the suit. 2 *Daniel on Neg. Inst.,* (*ed. of* 1876,) *p.* 208, § 1197.

The authorities cited by counsel for prosecutor do not apply to this case, but to cases where the instrument was made payable either to the agent of the plaintiff or where the principal was not disclosed on the face of the instrument.

Here the name of the principal is expressed in the note, but such principal is not the plaintiff in this suit. In a suit at law, the contract cannot be changed by parol evidence.

Judgment reversed, and judgment of non-suit.